# NO. 12-16-00144-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | *§* | *APPEAL FROM THE* |
| *GREGORY LEE WEST,* | *§* | *COUNTY COURT AT LAW NO. 2* |
| *APPELLANT* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Appellant Gregory Lee West, appearing pro se, appeals the trial court's denial of his petition for writ of habeas corpus.

Appellant was convicted of misdemeanor driving while intoxicated, sentenced to 240 days in the Smith County Jail, and assessed a $2,000 fine. This Court affirmed his conviction. *See generally* No. 12-14-00170-CR, 2015 WL 4470757 (Tex. App.–Tyler July 22, 2015, no pet.) (mem. op., not designated for publication). After this Court's mandate issued on September 15, 2015, Appellant was arrested to begin serving his sentence. Thereafter, he filed a petition for writ of habeas corpus alleging that he was being illegally detained. The trial court denied the petition at a hearing on May 13, 2016, and Appellant filed a notice of appeal three days later. The trial court memorialized its ruling by written order signed on May 18, 2016.

The reporter's record was filed on June 13, 2016, making Appellant's brief due on or before July 5, 2016. *See* TEX. R. APP. P. 31.1 (prescribing accelerated timetable for appeals in habeas corpus proceedings), 31.2 (requiring appeal in habeas corpus proceeding to be "heard at the earliest practicable time"). Appellant filed his brief on June 17, 2016. On that same date, this Court notified Appellant that his brief did not comply with certain rules of appellate procedure, including Rule 38.1.[1] He was warned that he had until July 5, 2016, to cure the

---

[1] Rule 38.1 prescribes the content of an appellant's brief. *See* TEX. R. APP. P. 38.1. The brief in this case included little of the required information. *See* TEX. R. APP. P. 38.1(a)-(j).

defects by filing an amended brief.

On June 20 (three days after he filed his brief), Appellant notified this Court that he was in jail and requested a complete copy of the appellate record. This Court directed the trial court to conduct a hearing to determine whether (1) Appellant is indigent and entitled to the appointment of counsel on appeal; (2) Appellant has sufficient funds to retain counsel; or (3) Appellant desires to represent himself on appeal. On July 1, Appellant notified this Court that he was no longer in jail and provided his current address. The following week, this Court directed the trial court to provide Appellant access to the appellate record.

On July 26, 2016, the trial court attempted to conduct the ordered hearing pertaining to whether counsel should be appointed for Appellant and to provide Appellant a copy of the appellate record. The record reflects that Appellant had notice of the hearing, but informed court personnel by telephone that he would not attend. On August 15, this Court returned Appellant's brief to him for his failure to correct the defects identified in the June 17, 2016 notice.

On September 14, 2016, Appellant was notified that his brief was late. He was further advised that the trial court would be directed to conduct a hearing on the matter unless, on or before September 26, 2016, he filed a brief accompanied by a proper motion for leave to file the brief or a proper motion for an extension of time to file the brief. Appellant did not comply with this Court's notice. Accordingly, the trial court was directed to conduct a hearing to determine (1) whether the appellant still desires to prosecute his appeal; (2) whether the appellant is indigent and either needs counsel appointed, or the appellant's counsel has abandoned the appeal; or (3) if the appellant is not indigent, whether a brief has not been completed because retained counsel has either abandoned the appeal or because the appellant has failed to make the necessary arrangements for filing a brief; and (4) when the appellant's counsel anticipates that the appellant's brief, if a brief is to be filed, will be completed.

The trial court set a hearing for October 5, 2016. The record shows that Appellant was given notice of the hearing, but did not appear, and the hearing was not conducted. The trial court did not make any findings.

Rule 38.8(b)(4) authorizes an appellate court to consider an appeal in a criminal case without briefs when the trial court has found that the appellant no longer desires to prosecute the appeal. TEX. R. APP. P. 38.8(b)(4). But we may suspend the operation of a particular rule on our own initiative for good cause. *See* TEX. R. APP. P. 2. Given the history of this case, we find

2

good cause to suspend Rule 38.8(b)(4). *See, e.g.* ***Crowder v. State***, Nos. 12-15-00155-CR, 12-15-00156-CR, 2016 WL 4098709, at *1 (Tex. App.–Tyler July 29, 2016, no pet.) (mem. op., not designated for publication); ***Garcia v. State***, No. 01-14-00939-CR, 2016 WL 3269931, at *2 (Tex. App.–Houston [1st Dist.] June 14, 2016, no pet.) (mem. op., not designated for publication).

This Court notified Appellant about the defects and the untimeliness of his brief. His brief was returned to him because of his failure, after notice, to correct its defects. He failed to submit another brief or otherwise respond to this Court's September 14 notice of late brief. And he failed to attend the two hearings set by the trial court, despite being provided with notice of each. In sum, Appellant has made no attempt to prosecute this appeal since he filed his June 20 motion for access to the record. Based on these facts, we conclude that Appellant no longer desires to prosecute this appeal and has abandoned it. Accordingly, we have submitted this cause without briefs. We also have reviewed the record for fundamental error and found none. Therefore, the trial court's order denying Appellant's petition for writ of habeas corpus is *affirmed*.

Opinion delivered October 21, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 21, 2016**

**NO. 12-16-00144-CR**

**EX PARTE: GREGORY LEE WEST**

Appeal from the County Court at Law No. 2

of Smith County, Texas (Tr.Ct.No. 65452-A)

THIS CAUSE came to be heard on the appellate record filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's order denying Appellant's petition for writ of habeas corpus **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*